{¶ 1} I respectfully concur in judgment only with the majority in this case for the following reasons.
{¶ 2} Appellees claim that on October 19, 2000, the trial court held a pretrial conference. Although the record does not reflect any such conference, the trial court's docket shows that the parties submitted pretrial briefs. In any event, appellees further claim that at this pretrial conference, the trial court conducted an in camera inspection of a variety of documents at issue in discovery and orally determined which documents were not confidential and should be forwarded to appellants.
{¶ 3} Appellees also maintain that it was at this time that a confidentiality agreement was formally put in place regarding these documents. However, there is no such confidentiality agreement in the file.
{¶ 4} It is true that appellants have the initial burden to provide an affirmative record to support their allegations of error. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 16(A)(7). However, when the docket does not reflect the existence of a pretrial conference or an interlocutory decision made therein, the burden is on the party making such a claim to supplement the record through App.R. 9.Nelson v. Ford Motor Co. (2001), 145 Ohio App.3d 58, 65. This was not done here.
{¶ 5} The record does show that on October 27, 2000, appellees filed "Notice of Submission of Discovery to Plaintiff Raymond J. Masek [appellant]." On that same date, appellees also filed "Notice of Submission of Amended Discovery Responses." Following those submissions to appellants by appellees, appellants filed no further motions regarding incomplete discovery.
{¶ 6} Thus, this part of the record inferentially corroborates appellees' claim that on October 19, 2000, the court instructed the parties as to which documents needed to be turned over to appellants. Unfortunately, this inference is not sufficient.
{¶ 7} As if the foregoing were not enough, on May 13, 2001, the docket indicates that this matter was to be scheduled for a jury trial on August 13, 2001. There was no further activity until June 12, 2001, when a subpoena was served on the Trumbull County Department of Children Services. In response, a motion to quash was filed by Trumbull County.
{¶ 8} On June 27, 2001, this motion to quash was opposed by Geauga County as the case had originated in Trumbull County and was transferred to Geauga County. Thus, Geauga County apparently felt these records were favorable to their defense. Although no leave to request additional discovery at that late date was requested or granted, neither was the motion ruled upon on the record.
{¶ 9} Although it is possible the court was unaware of this motion and response because of the close proximity in time, it is impossible to tell for certain. Thus, I agree with the majority that according to the record before us, there are unresolved issues of discovery. Until they are resolved, the merits of the grant of summary judgment cannot be reviewed. I, therefore, concur in judgment only with the majority.